IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No.: 1:19-cr-00371-JRR |
| **LAKEYA ALDRIDGE,** | |
| *Defendant.* | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Lakeya Aldridge's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2).[1]  (ECF No. 265; the "Motion.")

Currently housed at Hazelton FCI, Aldridge is serving a 108-month sentence, with a projected release date of June 30, 2026.[2]  (ECF No. 237.)  On August 20, 2020, Aldridge pled guilty to Conspiracy to Commit Kidnapping in violation of 18 U.S.C. § 1201(a)(1), (c).  (ECF No. 127; ECF No. 67.)  Aldridge's Presentence Report ("PSR") shows that she was calculated to have a criminal history score of one and was therefore designated to fall in criminal history category I. (ECF No. 241 ¶ 38.)   She was subsequently sentenced on April 14, 2022.  (ECF No. 237.)  She now seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2).

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed.'" 18 U.S.C. § 3582(c).  This "rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011), *holding modified by Hughes v. United States*, 584 U.S. 675 (2018).  One such exception is found in 18 U.S.C. § 3582(c)(2), which permits a court to modify a term of imprisonment, *inter alia*, "in the case of a defendant who has been sentenced to

---

[1] Ms. Aldridge erroneously refers to "18 U.S.C. § 3582(c)(a)." (ECF No. 265.)
[2] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited October 16, 2025); *see United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (noting that courts "routinely take judicial notice of information contained on state and federal government websites").

a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). "This can occur after the Court 'consider[s] the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Riley*, No. CR ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (quoting 18 U.S.C. § 3582(c)(2)).

"Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable." *United States v. Gary*, No. CR JKB-08-0086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024) (citing *United States v. Riley*, Crim. No. ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022)). The multi-part Amendment 821 is one such amendment.[3] *Id.* Part B of Amendment 821, at issue here, provides adjustment for zero-point offenders. Specifically, it "provides for a decrease of two offense levels if [eleven] conditions are met," see *McElrath*, 2024 WL 4529278, at *3, including:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

---

[3] Based on Aldridge's argument, Part A of Amendment 821, which concerns calculation of criminal history status points for commission of an offense while under a criminal justice sentence, is not applicable here.

> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; and
> **(11)** the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. § 4C1.1(a).

The court construes Aldridge's Motion to seek relief pursuant to Part B, as she claims to have no criminal history points pursuant to Chapter Four, Part A. (ECF No. 265.) Aldridge's PSR, however, shows she received a criminal history score of one, including one point from a prior conviction pursuant to § 4A1.1(c). (ECF No. 243 ¶ 37.) Further, at Aldridge's sentencing, the Honorable Catherine C. Blake applied an enhancement pursuant to USSG § 2A4.1(b)(2)(B) upon finding by a preponderance of the evidence that the victim at issue sustained serious bodily injury. *See id.* ¶¶ 24, 84. Accordingly, Aldridge has not shown that the conditions required for reduction pursuant to Part B are met here. She has, therefore, not demonstrated entitlement to reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2). The court therefore need not reach the 18 U.S.C. § 3553(a) factors.

Accordingly, it is this 16th day of October 2025,

**ORDERED** that the Motion (ECF No. 265) shall be, and is hereby, **DENIED**.

Madam Clerk shall transmit a copy of this Memorandum and Order to Aldridge.

/s/
Julie R. Rubin
United States District Judge